UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| Case No. | LA CV20-03530 JAK (PVCx) | Date | December 23, 2020 |
|---|---|---|---|
| Title | Jana Preciutti v. Anthem Blue Cross of California et al. | | |

| Present: The Honorable | JOHN A. KRONSTADT, UNITED STATES DISTRICT JUDGE |
|---|---|
| T. Jackson | Not Reported |
| Deputy Clerk | Court Reporter / Recorder |
| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
| Not Present | Not Present |

**Proceedings:**   (IN CHAMBERS) ORDER RE PLAINTIFF'S MOTION TO REMAND (DKT. 17);

DEFENDANTS' MOTION TO DISMISS (DKT. 15)

**JS-6**

On February 28, 2020, Jana Preciutti ("Plaintiff") brought this action in the Los Angeles Superior Court against an individual defendant, Gilbert Soto ("Soto"), and three corporate defendants (the "Corporate Defendants"): Anthem, Inc. ("Anthem"), Anthem Blue Cross of California ("BCC"), and Anthem Blue Cross Life and Health Insurance Company ("BC Life"). Dkt. 1-2 ("Complaint"). The Complaint advances the following causes of action: (i) wrongful termination in violation of the California whistleblower statute, Cal. Lab. Code § 1102.5; (ii) age discrimination in violation of the Fair Employment and Housing Act (FEHA); (iii) gender discrimination in violation of the FEHA; (iv) wrongful termination in violation of public policy ("*Tameny* claim"); and (v) intentional infliction of emotional distress ("IIED"). *Id*.

On April 16, 2020, Defendants removed this action on the basis of diversity jurisdiction. Dkt. 1. On April 23, 2020, Defendants filed a Motion to Dismiss and Motion to Strike. Dkt. 15 (the "MTD"). Plaintiff opposed the MTD ("MTD Opposition" (Dkt. 20)), and Defendants filed a reply. Dkt. 23 ("MTD Reply").

On April 24, 2020, Plaintiff filed a Motion to Remand. Dkt. 17 (the "MTR"). Defendants opposed the MTR ("MTR Opposition" (Dkt. 22)), and Plaintiff filed a reply. Dkt. 24 ("MTR Reply").

In connection with the Notice of Removal and the MTD Opposition, Defendants submitted two requests for judicial notice. Dkt. 6 ("Defendants' First RFN"); Dkt. 22-4 ("Defendants' Second RFN"). Plaintiff submitted a request for judicial notice in connection with the MTD Reply. Dkt. 24-2 ("Plaintiff's RFN"). Both parties submitted evidentiary objections to declarations submitted by the opposing party. Dkt. 22-5 ("Defendants' Evidentiary Objections"); Dkt. 24-4 ("Plaintiff's Evidentiary Objections").

The motions were heard on September 21, 2020, and were taken under submission. Dkt. 27**.** For the reasons stated in this Order, the Motion to Remand is **GRANTED**, the Requests for Judicial Notice are **GRANTED**, and both sets of Evidentiary Objections are **MOOT.**

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| Case No. | LA CV20-03530 JAK (PVCx) | Date | December 23, 2020 |
|---|---|---|---|
| Title | Jana Preciutti v. Anthem Blue Cross of California et al. | | |

### I.      Factual Background

####       A.      The Parties

Plaintiff is an adult who resides in Los Angeles County. Dkt. 1-2 ¶ 1. It is alleged that Plaintiff worked for the Corporate Defendants for more than 15 years prior to her termination. *Id.* ¶¶ 8, 9. It is alleged that at the time of her termination, Plaintiff was a customer care associate. *Id.* ¶ 9.

Defendant Soto is alleged to be an adult who resides in Los Angeles County. *Id.* ¶ 2. It is further alleged that Soto was Plaintiff's supervisor. *Id.* ¶ 22.

The Complaint does not allege the citizenship of the Corporate Defendants. It alleges that the Corporate Defendants were "authorized to operate" in Los Angeles County and did so. *Id.* ¶ 2. In the Notice of Removal, Defendants state that Defendant Anthem is an Indiana corporation with its principal place of business in Indianapolis, Indiana. Dkt. 1 at 5. The Notice of Removal does not include information as to the citizenship of Soto, BCC or BC Life.

####       B.      Allegations in the Complaint

The Complaint alleges that Plaintiff was employed by all three of the Corporate Defendants, which acted as alter egos of one another. Dkt. 1-2 ¶¶ 4, 5, 8. It is further alleged that after more than 15 years of employment by the Corporate Defendants, Plaintiff was terminated from her position on March 6, 2018. *Id.* ¶¶ 8, 10.

It is alleged that before Plaintiff was terminated, she learned about certain business practices by the Corporate Defendants that she considered illegal. *Id.* ¶ 9. It is further alleged that these practices included using out-of-state and out-of-country employees to answer calls and give information to customers. *Id.* It is alleged that such outsourcing is illegal because such employees, unlike California call center employees, are not subject to federal and state privacy laws. *Id.* It is further alleged that these practices of the Corporate Defendants permitted them to reduce staffing costs. *Id.* It is further alleged that after Plaintiff complained about these business practices to the Corporate Defendants, she was demoted and then terminated. *Id.* ¶¶ 9-10.

It is next alleged that Plaintiff was discriminated against based on her gender. *Id.* ¶¶ 30, 99. It is further alleged that Plaintiff was terminated "for being over the age of 40 years old," and that the Corporate Defendants had a plan to "remove older workers so that they could be replaced by younger, cheaper employees." *Id.* ¶¶ 67, 70. It is further alleged that the Corporate Defendants have a "pattern or practice" of discriminating against older employees, and that they will "engage in spoliation of evidence" to hide this practice. *Id.* ¶ 71. It is further alleged that the the Corporate Defendants had a pattern or practice of "terminating employees with false and malicious rumors that would [affect] their ability to get a job." *Id.* ¶ 161. It is further alleged that the foregoing conduct caused Plaintiff to suffer from various forms of injury. *Id.* ¶¶ 42, 43, 170.

####       C.      Allegations in the Notice of Removal and Supporting Materials

In the Notice of Removal, Defendants contend that BCC and BC Life are "sham" defendants. Dkt. 1 ¶

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| Case No. | LA CV20-03530 JAK (PVCx) | Date | December 23, 2020 |
|---|---|---|---|
| Title | Jana Preciutti v. Anthem Blue Cross of California et al. | | |

11(b). Defendants allege that only Anthem, not the other two entities, hired and employed Plaintiff. *Id*. ¶ 11(b)(i). Defendants further allege that Anthem exercised "complete control" over Plaintiff's wages, work schedule, and working conditions during her employment. *Id*. ¶ 11(b)(ii). In support of this contention, Defendants submitted documents from Plaintiff's employment records that refer to Anthem and its predecessor corporation, but not to any other Defendants. *See* Dkt. 1-12 (wage statements); Dkt. 1-16 (401(k) statements); Dkt. 1-17 (performance reviews); Dkt. 1-18 (materials relating to a leave of absence Plaintiff took); Dkt. 1-19 (materials relating to Plaintiff's termination). Defendants allege that neither BCC nor BC Life is named on "any documentation evidencing Plaintiff's employment with Anthem from December 2012 to March 2018." Dkt. 1 ¶ 11(b)(iii). These documents are described generally by Donna English, who is a Senior Human Resources Business Partner affiliated with Anthem. Dkt. 5 (the "First English Declaration").

Defendants also provide an estimate of the amount in controversy. Relying on wage statements from Plaintiff's employment, Defendants allege that Plaintiff was paid $21.86 per hour at the time of termination. Since 108 weeks passed between Plaintiff's termination and the time of removal, Defendants estimate that the claim for lost wages puts $95,309.60 in controversy. Dkt. 1 ¶ 13. Defendants then allege that further sums are put in controversy by Plaintiff's prayer for compensatory damages, punitive damages, and attorney's fees. *Id*. ¶ 14.

**II.     Evidentiary Issues**

      A.     Requests for Judicial Notice

All three RFNs submitted by the parties seek judicial notice of records maintained by government agencies in California and Indiana. These documents are a proper subject of judicial notice under Fed. R. Evid. 201(b)(2), because they may be "accurately and readily determined from sources whose accuracy cannot reasonably be questioned." Therefore, Defendants' First RFN, Defendants' Second RFN, and Plaintiff's RFN are **GRANTED**.

      B.     Evidentiary Objections

Defendants' Evidentiary Objections are as to the Declaration of Armand J. Jaafari (the "Jaafari Declaration" (Dkt. 17-1)), which concerns the meet-and-confer efforts by the parties. Plaintiff's Evidentiary Objections are as to the Declaration of Tina Crosley (the "Crosley Declaration" (Dkt. 22-1)), which concerns Plaintiff's employment; the second Declaration of Donna English (the "Second English Declaration" (Dkt. 22-2)), which concerns Plaintiff's employment records; and the Declaration of Aaron Rutschman (the "Rutschman Declaration" (Dkt. 22-3)), which concerns the meet-and-confer efforts by the parties.

Only the Crosley Declaration and the Second English Declaration are relevant to the issues presented by the Motion to Remand. However, neither is determinative of the issues presented there. For these foregoing reasons, the Evidentiary Objections submitted by both parties are **MOOT**.

**III.    The Motion to Remand**

      A.     Positions of the Parties

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| Case No. | LA CV20-03530 JAK (PVCx) | Date | December 23, 2020 |
|---|---|---|---|
| Title | Jana Preciutti v. Anthem Blue Cross of California et al. | | |

Plaintiff argues that Soto, BCC and BCC Life are all proper defendants, and that their presence shows that there is not complete diversity. As to BCC and BC Life, Plaintiff argues that the question of employer status is an inherently fact-specific one that cannot be resolved through the present proceedings. As to Soto, Plaintiff argues that the Complaint sufficiently alleges outrageous conduct to support an IIED claim.

Defendants argue that they are entitled to present facts relevant to whether BCC and BC Life are fraudulently joined, and that this evidence suggests that BCC and BC Life did not employ Plaintiff. In support of this argument, Defendants submitted a declaration from Tina Crosley, who served in various human resources roles for Defendant Anthem. Crosley states that Defendant BCC "exists only as a [Knox-Keene] health plan" and has no employees. Dkt. 22-1 ¶ 4. Crosley further declares that BC Life is a "life and disability insurance company" that also does not have employees. *Id.* ¶ 5. Crosley declares that Anthem provides administrative services to both entities, but that neither entity exercises control over the day-to-day work of those employees providing administrative services. She also declares that neither entity has the authority to hire, transfer, promote, discipline or discharge any Anthem employee who provides administrative services. *Id.* ¶ 6-8.

As to Soto, Defendants argue that Plaintiffs have not alleged conduct that is sufficiently outrageous to support an IIED claim. Relying on *Janken v. GM Hughes Electronics*, Defendants argue that the management conduct at issue will never support an IIED claim. 46 Cal. App. 4th 55, 80 (1996). Defendants expressly disclaim any argument that Plaintiff's IIED cause of action was preempted by California law on workers' compensation.

    B.    Legal Standards

        1.    <u>Diversity Jurisdiction</u>

A motion to remand is the procedural means to challenge the removal of an action. *Moore-Thomas v. Alaska Airlines, Inc.*, 553 F.3d 1241, 1244 (9th Cir. 2009). In general, a state civil action may be removed only if, at the time of removal, it is one over which there is federal jurisdiction. 28 U.S.C. § 1441(a). Diversity jurisdiction is presented when the amount in controversy exceeds $75,000 and the adverse parties are citizens of different states. 28 U.S.C. §§ 1332, 1441. Complete diversity of citizenship is required, *i.e.*, "the citizenship of each plaintiff [must be] different from that of each defendant." *Hunter v. Philip Morris USA*, 582 F.3d 1039, 1043 (9th Cir. 2009).

A person is a citizen of the state where he or she is domiciled. *See Kanter v. Warner-Lambert Co.*, 265 F.3d 853, 857 (9th Cir. 2001). "[A] corporation shall be deemed to be a citizen of every State and foreign state by which it has been incorporated and of the State or foreign state where it has its principal place of business...." 28 U.S.C. § 1332(c)(1).

For a removal based on diversity jurisdiction, the removing party has the burden of showing that "the matter in controversy exceeds the sum or value of $75,000, exclusive of interests and costs." 28 U.S.C. § 1332(a). If it is not facially evident from the complaint that more than $75,000 is in controversy, the removing party must prove that amount by a preponderance of the evidence. *Valdez v. Allstate Ins. Co.*, 372 F.3d 1115, 1117 (9th Cir. 2004) (citing *Matheson v. Progressive Specialty Ins. Co.*, 319 F.3d

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| Case No. | LA CV20-03530 JAK (PVCx) | | Date | December 23, 2020 |
|---|---|---|---|---|
| Title | Jana Preciutti v. Anthem Blue Cross of California et al. | | | |

1089, 1090 (9th Cir. 2003); *Sanchez v. Monumental Life Ins. Co.*, 102 F.3d 398, 403–04 (9th Cir. 1996)).

The removing party cannot rely on a statement that on its "information and belief" the amount in controversy exceeds the jurisdictional amount. *Valdez,* 372 F.3d at 1117. Rather, the removing party must provide evidence establishing that it "is more likely than not" that the amount in controversy exceeds $75,000. *Id.* The removing party may present "summary-judgment-type evidence relevant to the amount in controversy at the time of removal." *Id.* (quoting *Matheson*, 319 F.3d at 1090).

Because federal courts are ones of limited jurisdiction, the removal statute is to be strictly construed, and any doubt as to the appropriateness of removal is to be resolved in favor of remand. *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992). Thus, the removing party has the burden of establishing that removal is proper, including that there is federal jurisdiction over one or more of the claims. *Id.* "If a case is improperly removed, the federal court must remand the action because it has no subject matter jurisdiction to decide the case." *ARCO Envtl. Remediation, L.L.C. v. Dep't of Health & Envtl. Quality of Mont.*, 213 F.3d 1108, 1113 (9th Cir. 2000) (internal citations omitted).

        2.      <u>Fraudulent Joinder</u>

"[O]ne exception to the requirement of complete diversity is where a non-diverse defendant has been fraudulently joined." *Morris v. Princess Cruises, Inc.*, 236 F.3d 1061, 1067 (9th Cir. 2001). "Joinder of a non-diverse defendant is deemed fraudulent, and the defendant's presence in the lawsuit is ignored for purposes of determining diversity, '[i]f the plaintiff fails to state a cause of action against a resident defendant, and the failure is obvious according to the settled rules of the state.'" *Id.* (quoting *McCabe v. General Foods Corp.*, 811 F.2d 1336, 1339 (9th Cir. 1987)).

This standard imposes a "heavy burden" on the party asserting fraudulent joinder. *Hunter*, 582 F.3d at 1046. Although the test is similar to the one that applies under Fed R. Civ. P. 12(b)(6), the Ninth Circuit recently clarified that it is more appropriately compared to the "wholly insubstantial and frivolous" standard for dismissing claims for lack of federal question jurisdiction. *Grancare, LLC v. Thrower ex rel. Mills*, 889 F.3d 543, 549 (9th Cir. 2018) (quoting *Bell v. Hood*, 327 U.S. 678, 682-83 (1946)). *See also Davis v. Prentiss Props. Ltd., Inc.*, 66 F. Supp. 2d 1112, 1115 (C.D. Cal. 1999) ("[A] federal court's fraudulent-joinder consideration should be akin to an application of Rule 11.").

Under this stringent standard, the plaintiff's failure to state a claim must be "obvious according to the settled rules of the state." *Hunter*, 582 F.3d at 1043 (citation omitted). Furthermore, the district court "must consider… whether a deficiency in the complaint can possibly be cured by granting the plaintiff leave to amend." *Grancare, LLC*, 889 F.3d at 550. *See also Arteaga v. FCA US LLC* ,No. CV 20-2702-DMG (PJWx), 2020 WL 2857488, at *2 (C.D. Cal. Jun. 2, 2020) (district court evaluating case removed from California state court should consider "California's liberal amendment standard"); *Ontiveros v. Michaels Stores, Inc.*, No. CV 12–09437 MMM (FMOx), 2013 WL 815975, at *4-5 (C.D. Cal. Mar. 5, 2013) ("Essentially, defendants must show that plaintiff cannot assert a claim against the non-diverse party as a matter of law... the defendant must establish that plaintiff could not amend his complaint to add additional allegations correcting any deficiencies.").

Although the defendant asserting federal jurisdiction "is entitled to present the facts showing the joinder

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| Case No. | LA CV20-03530 JAK (PVCx) | Date | December 23, 2020 |
|---|---|---|---|
| Title | Jana Preciutti v. Anthem Blue Cross of California et al. | | |

to be fraudulent[,]" *McCabe*, 811 F.2d at 1339, the Ninth Circuit has explained that the fraudulent joinder inquiry should not turn on complex factual disputes. Rather, "a summary inquiry is appropriate only to identify the presence of discrete and undisputed facts that would preclude plaintiff's recovery against the in-state defendant." *Allen v. Boeing Co.*, 784 F.3d 625, 634 (9th Cir. 2015) (quoting *Smallwood v. Illinois Central R.R. Co.*, 385 F.3d 568, 573-74 (5th Cir. 2004) (en banc)). Thus, "the inability to make the requisite decision in a summary manner itself points to an inability of the removing party to carry its burden." *Id.*

        3.      <u>Substantive State Law</u>

              a)      "Employer" Status Under California Law

The FEHA defines an employer as "any person regularly employing five or more persons, or any person acting as an employer, directly or indirectly" Cal. Govt. Code. § 12926(d). Given this "limited" definition, California courts have looked to the "'totality of circumstances' that reflect upon the nature of the work relationship of the parties, with emphasis upon the extent to which the defendant controls the plaintiff's performance of employment duties." *Vernon v. State of Cal.*, 116 Cal. App. 4th 114, 124 (2004). "[T]he precise contours of an employment relationship can only be established by a careful factual inquiry." *Id.* at 125. (internal citation omitted).

The administrative agency charged with interpreting the FEHA has promulgated a regulation that defines an "employee" as "[a]ny individual under the direction and control of an employer under any appointment or contract of hire or apprenticeship, express or implied, oral or written." Cal. Code of Regs., tit. 2, § 11008(c). "FEHA thus requires an employment relationship, but that relationship need not be direct." *Jimenez v. U.S. Continental Marketing, Inc.*, 41 Cal. App. 5th 189, 197 (2019).

The state whistleblower statute also predicates potential liability on an employer-employee relationship. *Hansen v. Cal. Dep't of Corr. & Rehab.*, 171 Cal. App. 4th 1537, 1546 (2008). Because there is no definition of "employer" in the statute, "courts analyzing § 1102.5 claims have relied on interpretations of 'employer' under the FEHA." *Minor v. Fedex Office & Print Servs.*, 182 F. Supp. 3d 966, 989 (N.D. Cal. 2016) (collecting cases). Similarly, "the common law *Tameny* cause of action for wrongful termination in violation of public policy lies only against an employer." *Miklosy v. Regents of Univ. of Cal.*, 44 Cal. 4th 876, 901 (2008).

              b)      Intentional Infliction of Emotional Distress

Under California law, the elements of a cause of action for intentional infliction of emotional distress are "(1) outrageous conduct by the defendant; (2) the defendant's intention of causing or reckless disregard of the probability of causing emotional distress; (3) the plaintiff's suffering severe or extreme emotional distress; and (4) actual and proximate causation of the emotional distress by the defendant's outrageous conduct." *Yau v. Santa Margarita Ford, Inc.*, 229 Cal. App. 4th 144, 160 (2014). "Outrageous" conduct is "so extreme as to exceed all bounds of that usually tolerated in a civilized society." *Id.* (citing *Vasquez v. Franklin Mgmt. Real Estate Fund*, 222 Cal. App. 4th 819, 832 (2013)).

*Janken v. GM Hughes Electronics* held that "[a] simple pleading of personnel management activity is insufficient to support a claim of intentional infliction of emotional distress, even if improper motivation is

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| Case No. | LA CV20-03530 JAK (PVCx) | Date | December 23, 2020 |
|---|---|---|---|
| Title | Jana Preciutti v. Anthem Blue Cross of California et al. | | |

alleged." 46 Cal. App. 4th at 80.

    C.    Application

        1.    <u>Whether the Amount in Controversy Exceeds $75,000</u>

Plaintiff argues that Defendants' calculations are implausible, because they do not take into account any actions Plaintiff took to mitigate damages. This argument is not persuasive. The amount in controversy is the "amount at stake in the underlying litigation," *Gonzalez v. CarMax Auto Superstores, LLC*, 840 F.3d 644, 648 (9th Cir. 2016), rather than "a prospective assessment of [a] defendant's liability." *Chavez v. JPMorgan Chase & Co.*, 888 F.3d 413, 417 (9th Cir. 2018) (quoting *Lewis v. Verizon Commc'ns, Inc.*, 627 F.3d 395, 400 (9th Cir. 2010)). Thus, "[i]f a plaintiff claims at the time of removal that her termination caused her to lose future wages, and if the law entitles her to recoup those future wages if she prevails, then there is no question that future wages are 'at stake' in the litigation, whatever the likelihood that she will actually recover them." *Id.* The Complaint includes a claim for lost wages since the time of Plaintiff's termination, without any allegations as to mitigation. Therefore, Defendants were not required to estimate any such mitigation in the Notice of Removal. Plaintiff has not challenged the amount of hourly pay identified by Defendants, nor that 108 weeks passed between her termination and the Notice of Removal. Nor is there a challenge to the potential award of attorney's fees.

For the foregoing reasons, Defendants have shown, by a preponderance of the evidence, that the amount in controversy is at least $94,345.20. Therefore, the question as to diversity jurisdiction is whether BCC and BC Life have been fraudulently joined, thereby permitting a finding of complete diversity.

        2.    <u>Whether Certain Defendants are Fraudulently Joined</u>

            a)    <u>Whether the Corporate Defendants Were Fraudulently Joined</u>

To show that BCC and BC Life Inland were fraudulently joined, Defendants must show that there is no possibility Plaintiff can hold these entities liable as indirect employers. Defendants have not met this substantial burden.

The question whether an entity functions as an employer typically involves a "careful factual inquiry." *Vernon*, 116 Cal. App. 4th at 125. Thus, California courts generally do not dismiss such cases on demurrers without leave to amend. *See, e.g.*, *Morales v. 22nd Dist. Agric. Ass'n*, 1 Cal. App. 5th 504, 543-44 (2016); *Guerrero v. Superior Court*, 213 Cal. App. 4th 912, 940 (2013) (demurrer reversed when "many of the 'facts' regarding the particular… [services performed] and the specific tasks performed by [Plaintiff] are unknown at this stage of the proceeding").

Although some district courts in the Ninth Circuit have found the question of employer status suitable for resolution in the fraudulent joinder context, these cases generally presented exceptional circumstances. *See, e.g.*, *Maffei v. Allstate California Ins.*, 412 F. Supp. 2d 1049, 1053 (E.D. Cal. 2006) (defendant corporation had "never conducted any business of any kind anywhere," and amounted to "nothing more than an empty corporate shell created in anticipation of a business plan that was never

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| Case No. | LA CV20-03530 JAK (PVCx) | Date | December 23, 2020 |
|---|---|---|---|
| Title | Jana Preciutti v. Anthem Blue Cross of California et al. | | |

carried out"). Thus, even when a defendant presents some evidence that weighs against a plaintiff's allegations of employer status, district courts have been reluctant to conclude that the burden of showing fraudulent joinder has been met. *See, e.g.*, *Waterman v. Wells Fargo & Co.*, No. CV–17–7190–MWF (JEMx), 2018 WL 287171, at *7 (C.D. Cal. Jan. 4, 2018) (the "pre-discovery evidentiary record does not mean all that much"); *Maggiuli v. Wells Fargo and Co.*, No. EDCV 18–374–GW(SHKx), 2018 WL 2021435, at *4 (C.D. Cal. Apr. 26, 2018) (same).

In light of these standards, Defendants have not met their burden to show that Plaintiff cannot state a claim against BC or BCC Life. Plaintiff has not sued a wholly separate corporate entity, nor has she sued a subsidiary wholly unrelated to her work. As Defendants' evidence makes clear, BCC and BC Life contracted with Plaintiff's direct employer for administrative services. *See* Dkt. 22-1 ¶ 6 ("Blue Cross of California and BC Life have authorized Anthem, Inc., as their parent organization, to provide administrative services in support their operations. These administrative services include insurance support for each company's respective lines of business, i.e., health plans for Blue Cross of California and life and disability insurance for BC Life."); Dkt. 22-3 at 14 (state report finding that BCC "receives and provides administrative services pursuant to several administrative services agreements with various affiliates"). Defendants have not argued that Plaintiff, in her capacity as a customer care representative, never performed services for these entities. Plaintiff additionally notes that the address for BC Life is where she reported for work during her employment.

The Crosley Declaration does not sufficiently establish that BCC and BC Life have no potential liability with respect to Plaintiff's claims. *First*, that BCC and BC Life do not directly hire employees does not foreclose the possibility of liability. FEHA applies to indirect employment arrangements. *Accord Jimenez*, 41 Cal. App. 4th at 197. Crosley identifies BCC as a "health plan licensed under the Knox-Keene Act" and BC Life as "a life and disability insurance company," Dkt. 22-1 ¶¶ 4-5, but does not show why these definitions per se preclude BCC and BC Life from exercising control through their corporate agents.[1]

*Second*, the generic statements in the declaration as to the lack of control by BCC and BC Life do not meet the substantial burden required in the fraudulent joinder context. A declaration that offers "generalities about… observance of corporate separateness and the like" is not enough to meet Defendants' burden. *Waterman v. Wells Fargo & Co.*, 2018 WL 287171, at *7; *see also Grancare, LLC*, 889 F.3d at 551 ("[A] denial, even a sworn denial, of allegations does not prove their falsity[.]").

*Third*, that BC and BCC Life do not appear on the employment records submitted by Defendants weighs against Plaintiff's allegations, but it does not make those as to employer status "untenable ab initio." *Davis*, 66 F. Supp. 2d at 1115. These arguments show no more than that the Complaint may not withstand a motion to dismiss under Rule 12(b)(6). However, "the tests for fraudulent joinder and for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6) are not equivalent." *Jacobson v. Swisher Int'l*, No. CV 20-01504-CJC(SKx), 2020 WL 1986448, at *3 (C.D. Cal. Apr. 27, 2020) (citing *Grancare, LLC*, 889 F.3d at 549). Because Defendants have not shown that amendment would be

---

[1] Under the Knox-Keene Act, a "health care service plan" is "[a]ny person who undertakes to arrange for the provision of health care services to subscribers or enrollees, or to pay for or to reimburse any part of the cost for those services, in return for a prepaid or periodic charge paid by or on behalf of the subscribers or enrollees." Cal. Health & Safety Code § 1345(f)(1). This definition does not expressly state that a health care service plan cannot be an employer, nor have Defendants advanced such an argument.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| Case No. | LA CV20-03530 JAK (PVCx) | | Date | December 23, 2020 |
|---|---|---|---|---|
| Title | Jana Preciutti v. Anthem Blue Cross of California et al. | | | |

futile, this argument does not show that the Corporate Defendants were fraudulently joined.

          b)        Whether Soto is Fraudulently Joined

Plaintiff alleged that Soto, like the Corporate Defendants, retaliated against Plaintiff by subjecting her to several adverse employment actions, and terminated her for objecting to Defendants' allegedly, illegal conduct. Dkt. 1-2 ¶ 155. Plaintiff also alleged that these illegal actions were intentionally made without regard for the welfare of the terminated employees. *Id.* ¶ 157. These allegations do not provide details as to either the alleged conduct by Soto or the actions that are deemed extreme and outrageous. However, the Complaint also alleges "harassment," *id.* ¶ 170 and a claimed pattern of "terminating employees with false and malicious rumors that would [affect] their ability to get a job." *Id.* ¶ 161. Although these allegations are limited, they refer to conduct that could support a claim for IIED. *See Accardi v. Superior Court*, 17 Cal. App. 4th 341, 346, 352 (1993) (harassment, including spreading "untrue rumors" about employee, sufficient to state IIED claim); *Garcia v. Williams*, 704 F. Supp. 984, 1003 (N.D. Cal. 1988) (retaliation by giving plaintiff an exaggeratedly negative reference letter sufficiently outrageous). Furthermore, whether behavior "is sufficiently extreme as to constitute 'outrageous' behavior is properly determined by the fact finder after trial or possibly after discovery upon a motion for summary judgment." *Barsell v. Urban Outfitters, Inc.*, No. CV 09-02604 MMM (RZx), 2009 WL 1916495, at *7 (C.D. Cal. Jul. 1, 2009) (quoting *Angie M. v. Superior Court*, 37 Cal. App. 4th 1217, 1226 (1995)).

Defendants' reliance on *Janken* is misplaced. *Janken* did not hold that supervisors could never be held liable for conduct in the workplace. Rather, it held that certain decisions made by supervisors -- "personnel management activity" -- could not support an IIED claim. *See Barsell,* 2009 WL 1916495, at *6 ("Defendant overstates the reach of the Court's decision in *Janken* to the extent that it argues that any decision affecting personnel management is not actionable under an intentional infliction of emotional distress theory, no matter what the motivation.") (citing *Graves v. Johnson Control World Services, Inc.*, No. C-05-1772 SC, 2006 WL 618796, at *11 (N.D. Cal. Mar.13, 2006)). As noted, Plaintiff identifies certain activity which goes beyond normal personnel management activity.

                            *              *              *

For the foregoing reasons, Defendants have not met their burden to show that Soto, BCC and BC Life have been fraudulently joined. Because Defendants have not shown that all of them are citizens of state(s) other than California, complete diversity has not been established.

**IV.**     <u>**Conclusion**</u>

For the foregoing reasons, Plaintiff's Motion to Remand is **GRANTED**, the Requests for Judicial Notice are **GRANTED**, and both sets of Evidentiary Objections are **MOOT**. Because there is no federal jurisdiction, Defendants' Motion to Dismiss cannot be addressed. This case is **REMANDED** to the Los Angeles County Superior Court at its Stanley Mosk Courthouse, Case No. 20STCV08245.

**IT IS SO ORDERED.**

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| | | | |
|---|---|---|---|
| Case No. | LA CV20-03530 JAK (PVCx) | Date | December 23, 2020 |
| Title | Jana Preciutti v. Anthem Blue Cross of California et al. | | |

                                                                                                                               :

Initials of Preparer